IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAVID RENE GARCIA, § | |
| Plaintiff, § | |
| § | |
| v. § | No. EP-17-CV-00263-ATB |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the § | |
| Social Security Administration, § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

### I. PROCEDURAL HISTORY

On October 22, 2013, and November 14, 2013, respectively, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of July 1, 2010. (R. 205-213). His applications were denied initially and upon reconsideration. (R. 69-82, 85-98). Plaintiff then filed a request for a hearing, which was held on March 7, 2016. (R. 40-68, 125-126). The Administrative Law

Judge ("ALJ") issued a decision on May 19, 2016, denying benefits. (R. 24-32). Subsequently, the Appeals Council denied review. (R. 1-4). Therefore, the ALJ's decision stands as the final decision of the Commissioner.

## II. ISSUE

Plaintiff presents the following issue for review: whether the ALJ's RFC finding is supported by substantial evidence. (ECF. No. 16, p. 3). Plaintiff argues that the ALJ erred by: (1) "playing doctor" by assigning little weight to all medical opinions; and (2) rejecting the opinion of Plaintiff's treating physician, Dr. Cesar Calianga, without good cause. (*Id*. at 4-8). Moreover, because Plaintiff's Residual Functional Capacity ("RFC")[1] did not include the extent of his limitations, Plaintiff alleges that the ALJ's hypothetical to the Vocational Expert ("VE") was improper. (*Id*. at 7).

## III. DISCUSSION

### A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices

---

[1] Residual Functional Capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p.

or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.    Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. Once the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Once the Commissioner makes the requisite showing at step five, the burden shifts back to the Plaintiff to rebut the finding that there are jobs that exist in significant numbers that the Plaintiff could perform. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

In the present case, the ALJ found that Plaintiff suffered from the severe impairments of hypertension and diabetes mellitus. (R. 26-27). Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 27-28). After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform a full range of medium work.[2] (R. 28-31). The ALJ then determined that Plaintiff was able to perform his past relevant work. (R. 31). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act through the decision date. (R. 31).

## C. Analysis

Plaintiff argues that the ALJ "played doctor" by assigning little weight to all medical opinions. (ECF. No. 16, p. 4). Defendant does not respond to this argument.

It is the province of the ALJ to weigh competing medical opinions. *See generally, Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). However, the ALJ "may not substitute her lay opinion for the uncontroverted medical opinion of the only physician who opined concerning the effects of Plaintiff's mental impairments." *Brown v. Colvin*, 2015 U.S. Dist. LEXIS 145205, at *26 (N.D. Tex. 2015) (citing *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009); *Morales v. Apfel*, 225 F.3d 310, 317 (3rd Cir. 2000)). Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error. *Williams*, 355 F. App'x at 831 (reversing and remanding because the ALJ improperly interposed his own opinion when there was "*no* evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday.") (emphasis in original); *see also Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995) (same);

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

*Conte v. Comm'r, SSA*, 2017 U.S. Dist. LEXIS 38336, at *24 (E.D. Tex. 2017) (same); *Boles v. Colvin*, 2016 U.S. Dist. LEXIS 106616, at *32 (N.D. Tex. 2016) (same); *see also Barnes v. Colvin*, 2013 U.S. Dist. LEXIS 124530, at *7 (N.D. Miss. 2013) ("The ALJ's opinion either assigned little weight or gave no weight assignment to every medical opinion in the record. No medical opinion provided the limitations established by the ALJ in her RFC, much less any opinion that the ALJ afforded more than 'little weight.'").

As Magistrate Judge Allan Alexander astutely summarized:

> [a]lthough the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.

*Melvin v. Astrue*, 2010 U.S. Dist. LEXIS 21222, at *11-12 (N.D. Miss. 2010) (citations omitted). Indeed, the Courts of Appeal agree that analyzing the raw medical data in contravention of all physician assessments, or without a physician assessment, is reversible error. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the [RFC] determination."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (By independently reviewing and interpreting laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician.); *see also Clark v. Colvin*, 2013 U.S. Dist. LEXIS 159803, at *36-37 (S.D. Tex. 2013) ("The Fifth Circuit in *Frank* . . . found the ALJ, as a layperson, should not interpret raw medical data in determining a claimant's RFC.") (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). In sum, the ALJ cannot reject the only physicians to opine on Plaintiff's limitations, interpret the raw medical data himself, and impose an RFC in contravention of all opining medical sources.

Here, the ALJ rejected the only physicians of record to opine on Plaintiff's limitations, Dr. Amakiri, Dr. Calianga, and the Disability Determination Services ("DDS") assessments. (R. 30-31). The ALJ cited no medical opinion in support of his RFC determination. While the Court is mindful that the DDS assessment and Dr. Amakiri essentially found that Plaintiff was not disabled, these physicians were also rejected by the ALJ primarily because Plaintiff's limitations were more restrictive than opined. (R. 30-31). Similarly, assuming without deciding that good cause existed to reject Dr. Calianga's opinion, there remains no credited physician who opined otherwise.[3] Rather, the ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding Plaintiff's RFC. (*Id.*). Accordingly, the Court can only conclude that the ALJ substituted his own judgment over the medical opinions of the physicians of record. Therefore, the Court finds that the ALJ's decision is not supported by substantial evidence.

Moreover, Plaintiff was prejudiced by this error as the ALJ rejected the opinion of Dr. Calianga, who found that Plaintiff's limitations were markedly lower than found by the ALJ. (R. 30-31; 376-379); *Boles v. Colvin*, 2016 U.S. Dist. LEXIS 106616, at *32 (N.D. Tex. 2016) ("It is reversible error for an ALJ to substitute his own medical opinions for those of a treating physician."); *see also, Brown*, 2015 U.S. Dist. LEXIS 145205, at *26 (remanding where the ALJ improperly interposed his own medical opinions); *Littleton v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 111533, at *23 (S.D. Tex. 2017) (remanding where the ALJ rejected the only medical opinion and interposed his own medical opinion). Accordingly, the Court finds that Plaintiff was prejudiced by the ALJ's error.

Lastly, regarding Plaintiff's remaining objections, the degree of weight to assign to the

---

[3] To the extent any ambiguities exist, the ALJ should develop the record on remand. *See Ripley*, 67 F.3d at 557-58.

various pieces of evidence, including Dr. Calianga's opinion, will likely hinge on further development of the record. *See e.g., Hanible v. SSA*, 2002 U.S. Dist. LEXIS 3185, at *16-17 (E.D. La. Feb. 2002) ("Accordingly, this Court remands the case to the ALJ for further consideration in light of the new evidence presented by plaintiff and defers its ruling on the other issues addressed in plaintiff's objections until the ALJ has issued another opinion in the matter."). Particularly when the ALJ has rejected all opining physicians and credited no ascertainable portions of their opinions, this Court cannot assess which opinion should have been credited by the ALJ. Accordingly, the Court withholds judgment on Plaintiff's remaining arguments until the record has been more fully developed.[4]

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision denying benefits is **REVERSED** and **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

**SIGNED** and **ENTERED** this 27th day of March, 2018.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Additionally, portions of the transcript relating to VE's testimony appear incomplete and relate to a different matter. This error should also be corrected on remand.